IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LOS FLAMBOYANES APARTMENTS, LIMITED DIVIDEND PARTNERSHIP,<br><br>**Plaintiff**<br>v.<br>TRIPLE-S PROPIEDAD, INC. and/or, TRIPLE-S INSURANCE AGENCY, INC., JOHN DOES 1, 2 and 3; A, B and C CORPORATIONS; UNKNOWN INSURANCE COMPANIES, A through H,<br><br>**Defendants.** | **CIVIL NO.** 18-1997(RAM) |

## OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, District Judge

Pending before the Court is codefendant Triple-S Insurance Agency's ("Defendant" or "TIA") *Motion to Dismiss for Failure to State a Claim* ("*Motion to Dismiss*"). (Docket No. 110). Plaintiff Los Flamboyanes Apartments, Limited Dividend Partnership ("Plaintiff" or "Flamboyanes") has filed an *Informative Motion Regarding TIA's Motion to Dismiss* ("*Informative Motion*") consenting to TIA's request for dismissal. (Docket No. 112). The Court **GRANTS** the *Motion to Dismiss* for the following reasons.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On February 5, 2021, Plaintiff filed a *Third Amended Complaint* ("*Complaint*") against Defendants Triple-S Propiedad, Inc. ("TSP") and TIA seeking damages and declaratory relief. (Docket No. 106). Plaintiff alleges that TSP and TIA breached their contractual

obligations by "failing and refusing to pay Flamboyanes the full amount of losses [it] incurred" with respect to its physical property damage resulting from Hurricane Maria. Id. at 6.

On February 19, 2021, TIA filed the pending *Motion to Dismiss*. (Docket No. 110). TIA avers that "the clear text of the insurance policy subject of the complaint shows that TIA did not issue any insurance policy and that the insurance policy was issued by TSP." Id. at 1-2. Thus, dismissal is proper for Plaintiff's failure to state a claim against TIA. Id. TIA further claims that "[t]here is no reasonable interpretation of the Third Amended Complaint in which plaintiff can show that its claim against TIA falls within the policy's grant of coverage." Id. at 4.[1]

On March 9, 2021, Plaintiff filed an *Informative Motion* as to the *Motion to Dismiss*. (Docket No. 112). It stated that "[f]rom the onset of Plaintiff's extrajudicial claims both TIA and TSP have acted as one with regard to said claims […], making them practically indistinguishable to Plaintiff." Id. at 1. But it then posited that "in the interest of judicial economy and not further utilizing the resources of this Honorable Court," it **"informs its acquiescence to TIA's prayer for relief in said motion."** Id.

---

[1] On August 28, 2020, TIA filed a *Motion for Partial Summary Judgment and Memorandum of Law In Support Thereof In Favor of Triple-S Insurance Agency, Inc.* ("*Motion for Partial Summary Judgment*") alleging an identical argument to the one currently before the Court in the pending *Motion to Dismiss*. (Docket No. 59 at 6). On September 10, 2020, Plaintiff requested an extension to file a response to the *Motion for Partial Summary Judgment* which was granted by this Court. (Docket Nos. 70 and 71). Plaintiff never filed its response.

**II. STANDARD GOVERNING RULE 12(b)(6) MOTIONS TO DISMISS**

Fed. R. Civ. P. 12(b)(6) requires dismissal of a complaint that "fails to state a claim upon which relief can be granted." The plaintiff must plead enough facts to state a "plausible" claim, and the "[f]actual allegations must be enough to raise a right to relief above the speculative level, [...] on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and footnote omitted). Dismissal under Rule 12(b)(6) is warranted "only if the facts alleged, taken as true, do not warrant recovery." Miro Rodriguez v. MetroHealth, Inc., 2020 WL 5580132, at 2 (D.P.R. 2020) (quotation omitted).

The United States Supreme Court has explained that "a plaintiff's obligation to provide the 'grounds' of [their] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 545 (quotation omitted). A complaint will not stand if it offers only "naked assertion[s]" devoid of "further factual enhancements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). To determine whether a complaint has stated a plausible, non-speculative claim for relief, courts may also consider: "(a) 'implications from documents' attached to or fairly 'incorporated into the complaint,'(b) 'facts' susceptible to 'judicial notice,' and (c)

'concessions' in plaintiff's 'response to the motion to dismiss.'" Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55-56 (1st Cir. 2012) (quotation omitted).

When assessing a *Motion to Dismiss*, courts must "[o]rdinarily ... not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." Triangle Cayman Asset Co. 2 v. Prop. Rental & Inv., Corp., 278 F. Supp. 3d 508, 518 (D.P.R. 2017) (quotation omitted). However, the First Circuit Court of Appeals ("First Circuit") has held that "[w]hen the complaint relies upon a document, whose authenticity is not challenged, such a document merges into the pleadings and the court may properly consider it under a Rule 12(b)(6) motion to dismiss." Mark Iaria v. Today's Television, Inc., 2019 WL 1423691, at *4 (D.P.R. 2019) (quoting Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001)). There is no doubt that the *Complaint* relies on the Insurance Policy, Policy No. 30-CP-81090858-0 ("the Policy"), a copy of which TIA attaches as an exhibit to its *Motion to Dismiss*. (Docket Nos. 106 and 110-1). Moreover, neither party has questioned the Policy's authenticity. Hence, the Policy effectively "merges into the pleadings" and may be considered by this Court when analyzing the merits of the *Motion to Dismiss*.

## III. APPLICABLE LAW

Insurance contracts in Puerto Rico, also known as policies, are governed by the Puerto Rico Insurance Code ("the Code"). *See* Galarza-Cruz v. Grupo HIMA San Pablo, Inc., 2020 WL 2843028, at *5 (D.P.R. 2020) (citing P.R. Laws Ann. tit. 26, §§ 1101-1137). The Code holds that "insurance contracts are to be 'construed according to the entirety of its terms and conditions as set forth in the policy, and as amplified, extended, or modified by any lawful rider, endorsement, or application attached to and made a part of the policy.'" Id. (quoting P.R. Laws Ann. tit. 26, § 1125). Thus, if an insurance contract's terms are clear, "they must be applied and enforced as written." Hoffman Garcia v. Metrohealth, Inc., 246 F. Supp. 3d 527, 530 (D.P.R. 2017) (citation omitted). In those scenarios, "the court should confine itself to a literal application of the unambiguous terms of the contract." Galarza-Cruz, 2020 WL 2843028, at *5 (quoting Gonzalez v. John Hancock Mut. Life Ins. Co., 927 F.2d 659, 660 (1st Cir. 1991)) (internal quotations and edits omitted). The First Circuit has further noted that "[a]mbiguity does not exist simply because the parties disagree about the proper interpretation of a policy provision. Rather, it may be found where the policy's language is susceptible to more than one rational interpretation." Id. (citing Clark School for Creative Learning, Inc. v. Philadelphia Indem. Ins. Co., 734 F.3d 51, 55 (1st Cir. 2013)).

## IV. ANALYSIS

After reviewing the terms of Plaintiff's insurance policy, the Court agrees with TIA that it is evident that the Policy was issued by TSP and not by TIA. (Docket Nos. 110 at 4; 110-1). While TIA is referenced in the Policy as an "Agency," Plaintiffs have not pointed to any terms or conditions within the Policy stating that TIA may be held responsible for the policy's coverage provided by TSP. Puerto Rico law states that "the insured bears the burden of showing that a claim falls within the policy's grant of coverage." Ramirez v. MBTI Bus. Training Inst., 2018 WL 5734525, at *3 (D.P.R. 2018). In the case at bar, Plaintiffs' *Complaint* fails to prove that their claim against TIA falls within the four corners of the Policy's grant of coverage.

Even assuming *arguendo* that the *Complaint* sufficiently alleges that TIA processed policies on TSP's behalf, that still does not mean that TIA would be responsible for coverage, or lack thereof, under the Policy. The district court encountered a similar scenario in Torruella v. Transamerica Life Ins. Co. where it held that an insurance *agency* could not be held liable in policy disputes between an insurance *company* and the plaintiff. *See* Torruella v. Transamerica Life Ins. Co, 2016 WL 11605700, at *5 (D.P.R. 2016). This also meant that joinder of the insurance agency was fraudulent and intended to defeat diversity of citizenship jurisdiction. Id. In Torruella, the district court held that "[t]he

Complaint alleges that Global Insurance Agency 'processed, handled and presented' policies on Transamerica's behalf. The Court assumes that is true but taking that as true there is no indication that Global Insurance Agency could or did alter the policy's terms." Id. The Court then concluded that "[n]either of the causes of action in Plaintiff's Complaint seek a remedy that could be enforced against Global Insurance Agency." Id. The Court similarly finds that **none of the claims included in the *Complaint* can be enforced against TIA and that TIA cannot be held liable for coverage under the Policy's coverage**.

Even under a liberal reading of the *Complaint* in favor of Plaintiff, Flamboyanes has failed to allege sufficient factual matter to establish a plausible claim against TIA. A complaint "should at a minimum, set forth facts **'as to who did what to whom, when, where, and why.'"** Fernandez v. BRG, LLC, 2017 WL 7362729, at *5 (D.P.R. 2017) (quoting Educadores Puertorriquenos en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004). Plaintiff's *Complaint* as it pertains to its claims against TIA failed to comply with this minimum standard.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the *Motion to Dismiss* (Docket No. 110) **dismissing with prejudice** Plaintiff Los Flamboyanes Apartments, Limited Dividend Partnership's claims

against Defendant Triple-s Insurance Agency, Inc. Partial judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 17th day of March 2020.

S/ RAÚL M. ARIAS-MARXUACH<br>
United States District Judge