**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

LOS FLAMBOYANES APARTMENTS, LIMITED DIVIDEND PARTNERSHIP

**Plaintiff**

v.

TRIPLE-S PROPIEDAD, INC. and/or, TRIPLE-S INSURANCE AGENCY, INC., JOHN DOES 1, 2 and 3; A, B and C CORPORATIONS; UNKNOWN INSURANCE COMPANIES, A through H

**Defendants**

**CIVIL NO.** 18-1997(RAM)

## OPINION AND ORDER[1]

RAÚL M. ARIAS-MARXUACH, District Judge

Pending before the Court is Defendant Triple-S Propiedad, Inc. ("TSP") and Triple-S Insurance Agency's ("TIA") *Motion in Limine to Preclude Plaintiff's Experts from Testifying at Trial* ("*Motion in Limine*"). (Docket No. 57). In response, Plaintiff Los Flamboyanes Apartments, Limited Dividend Partnership ("Plaintiff" or "Flamboyanes") filed an *Opposition to Defendants' Motion In Limine at Docket No. 57* ("*Opposition*") (Docket No. 75). TSP then filed a *Reply to Plaintiff's Opposition to Defendants' Motion In Limine at Docket No. 57* ("*Reply*").(Docket No. 98). Having reviewed

---

[1] Keishla Negrón-Acevedo, a fourth-year student at the University of Puerto Rico School of Law, assisted in the preparation of this Opinion and Order.

the parties' arguments and the applicable law, the Court hereby **DENIES** the pending *Motion in Limine*.

## I.   PROCEDURAL BACKGROUND

On February 5, 2021, Plaintiff filed a *Third Amended Complaint* ("*Complaint*") against TSP and TIA seeking damages and declaratory relief. (Docket No. 106). Plaintiff alleges that TSP and TIA breached their contractual obligations by "failing and refusing to pay Flamboyanes the full amount of losses [it] incurred" with respect to its physical property damage resulting from Hurricane Maria. Id. at 6.

On August 28, 2020, TSP filed a *Motion in Limine*. (Docket No. 57).[2] Specifically, it seeks to exclude the opinions and expected testimony of Plaintiff's experts Steward deCamp ("Mr. deCamp") and Mark Parkinson ("Mr. Parkinson"). Id. at 2, 4 and 6. TSP requests this exclusion for two reasons. First, the experts allegedly failed to meet Fed. R. Civ. P. 26's expert testimony disclosure requirements since they omitted "any causation evidence" in their joint report and admitted during their deposition that determinations about causation "[were] not part of [their] scope of work." Id. 6-12. Second, Plaintiff's experts' testimonies were allegedly unreliable and cannot be admitted under Fed. R. Evid. 702 because the experts failed to differentiate between pre-

---

[2] The *Motion in Limine* was filed jointly by TSP and TIA but TIA is no longer a party in this case. The Court dismissed the claims against TIA on March 17, 2021. (Docket Nos. 114 and 115).

existing damages and hurricane-caused damages in their report and did not "inspect all of the units" or "remember which were the units [they] allegedly inspected." Id. at 15-20.

In response, Plaintiff filed an *Opposition* on September 16, 2020. (Docket No. 75). It argues that opinions regarding causation were explicit in the experts' report. Id. at 9. In the alternative, Plaintiff maintains that any potential omission should be deemed harmless, considering that the information on causation was discussed in the experts' depositions. Id. at 9, 11 and 22. On October 23, 2020, TSP filed a *Reply*. (Docket No. 98).

## II.   APPLICABLE LAW

### A. Admissibility of Expert Opinion

Rule 702 of the Federal Rules of Evidence controls the admissibility of expert witness testimonies. Fed. R. Evid. 702 establishes that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

The Rule instructs courts to act as *gatekeepers* to ensure that "any and all scientific evidence admitted is not only relevant, but reliable." Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589 (1993). As gatekeepers, district courts must examine the proposed evidence and "screen expert testimony that although relevant, [is] based on unreliable scientific methodologies." González-Pérez v. Gómez-Águila, 296 F.Supp.2d 110, 113 (D.P.R. 2003); *see also* Daubert, 509 U.S. at 597 ("Pertinent evidence based on scientifically valid principles will satisfy those demands.") The First Circuit Court of Appeals ("First Circuit") has acknowledged that under Daubert, a trial judge's role as a gatekeeper is not equivalent to that of an armed guard. *See* Ruiz-Troche v. Pepsi Cola of Puerto Rico Bottling Co., 161 F.3d 77, 86 (1st Cir. 1998).

Finally, before admitting expert testimony, trial judges need to verify that: "(1) the expert is qualified to testify by knowledge, skill, experience, training, or education; (2) the testimony concerns scientific, technical, or other specialized knowledge; and (3) **the testimony is such that it will assist the trier of fact in understanding or determining a fact in issue.**" Correa v. Cruisers, a Div. of KCS Int'l, Inc., 298 F.3d 13, 24 (1st Cir. 2002) (emphasis added).

### B. Expert Report Requirements

In addition to Fed. R. Evid. 702, expert witness testimonies must also comply with Fed. R. Civ. P. 26(a). Specifically, Fed. R. Civ. P. 26(a)(2)(B) establishes the following:

> (B) *Witnesses Who Must Provide a Written Report*. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
> (i)   a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii)  the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv)  the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v)   a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi)  a statement of the compensation to be paid for the study and testimony in the case.

Failure to meet the criteria set forth in this Rule may preclude a party from utilizing their expert's testimony at a hearing, motion, or trial. *See* Santa Cruz-Bacardi v. Metro Pavia

Hospital, Inc., 2019 WL 3403367, at *3 (D.P.R. 2019). Along with these requirements, Fed. R. Civ. P. 26(e)(2) explains the parties' duty to **supplement an expert report when experts change their opinion in their report or in a subsequent deposition.** Lastly, if the parties do not comply with Fed. R. Civ. P. 26, Fed. R. Civ. P. 37(c)(1) gives district courts the authority to impose sanctions "such as the preclusion of expert testimony or even the dismissal of the action" unless such a failure to comply is considered *harmless* or is *substantially justified*. González Arroyo v. Doctor's Ctr. Hosp. Bayamon, Inc., 2020 WL 4516012, at *3 (D.P.R. 2020) (citation omitted).

The First Circuit has stated that mandatory preclusion is considered the baseline rule for not complying with Fed. R. Civ. P. 26. *See* Harriman v. Hancock Cty., 627 F. 3d 22, 29 (1st Cir. 2010). However, trial courts still retain discretion to impose a less severe sanction in lieu of preclusion. *See* Gonzalez-Rivera v. Hospital HIMA Caguas, 2018 WL 4676925, at *4 (D.P.R. 2018) (quotation omitted). Other Circuit Courts of Appeals have provided additional guidance as to the elements a district court should consider when determining whether a party's failure to comply with Fed. R. Civ. P. 26 was *substantially justified* or *harmless*. *See e.g.*, Olivarez v. GEO Group, Inc., 844 F.3d 200, 205 (5th Cir. 2016) (defining substantial justification as "justification to a degree that could satisfy a reasonable person that parties could

differ as to whether the party was required to comply with the disclosure [obligation].") (quotation omitted).

### III. ANALYSIS

#### A. Experts' Testimony on Damages While Not Inspecting All Properties Subject to the Report Is Still Admissible

In its *Motion in Limine*, TSP argues that Mr. Parkinson and Mr. deCamp's testimonies on damages are unreliable because they "did not inspect all of the units" and could not remember the exact units they inspected. (Docket No. 57 at 15-20). In its *Opposition*, Plaintiff states that "the basis for the [the experts'] opinion[s] need not be disclosed as a condition to admitting the testimony." (Docket No. 75 at 5). Citing First Circuit case law, Plaintiff also argued that "[i]t is a matter for the jury to resolve any inconsistencies in expert testimonies." Id.

The fact that Plaintiff's experts did not inspect all units reflected in their report does not merit the inadmissibility of their testimonies on damages. In a similar case regarding a damages claim before the Middle District of Louisiana, the Court held that an expert is not required to physically inspect a property to offer an opinion on such property. *See* Anderson v. AllState Insurance Co., 2021 WL 292440, at *12 (M.D. La. 2021) (citing Salinas v. State Farm Fire & Cas. Co., 2012 WL 5187996 (S.D. Tex. 2012). In Anderson, after widespread flooding in different areas allegedly caused damages to the plaintiff's property, defendants sought the

exclusion of the expert's testimony on the grounds that it was unreliable because the expert had not "actually inspect[ed] most of the properties and [did] not know which of the few he inspected." Id. at 3, 12. Relying on the Southern District of Texas' Salinas v. State Farm Fire & Cas. Co., the Middle District of Louisiana reasoned that even if the expert failed to "personally inspect each of the 400 or so properties involved[,]" this affected the *weight* and not the admissibility of his testimony. Id. at 12.

Indeed, an expert's failure to inspect some of the properties may affect the results in their opinion. But cases dealing with similar damages claims and expert testimony have determined that this goes to the *weight*, not the admissibility of their opinion. The First Circuit has emphasized that "[q]uestions such as 'bias, and the weight of the evidence' are 'matters for the factfinder.'" Cruz-Vazquez v. Mennonite Gen. Hosp., Inc., 613 F.3d 54, 59 (1st Cir. 2010) (quoting Den Norske Bank AS v. First Nat'l Bank of Boston, 75 F.3d 49, 58 (1st Cir. 1996)); *see also* Int'l Adhesive Coating Co. v. Bolton Emerson Int'l, Inc., 851 F.2d 540, 545 (1st Cir. 1988) ("When the factual underpinning of an expert's opinion is weak, it is a matter affecting the weight and credibility of the testimony—a question to be resolved by the jury."). For example, in Anderson, the court reasoned that if an expert does not perform a site inspection of a given property, they can "rely on the photographs and other information in the original claims

file" to form their opinion. <u>Anderson</u>, 2021 WL 292440, at \*4. *See also* <u>Banta Properties, Inc. v. Arch Specialty Ins. Co.</u>, 2011 WL 13096476, at \*3 (S.D. Fla. 2011) (rejecting *Daubert* challenge to expert's lack of "personal knowledge" of property damage caused by Hurricane Wilma, even when the expert did not inspect the property until almost two years after the hurricane, because he relied upon reports from other contractors, interviewed the property manager and residents, and reviewed photographs and aerial images of the property). In the case at bar, TSP did not cite any authority supporting the position that an insurance adjuster *must* personally inspect each and every apartment unit in the damaged property to render an opinion as to the damages caused by a hurricane.

Mr. Parkinson's deposition revealed that he inspected the exterior of the site as well as "several units," and that he, "Mr. deCamp and other estimators, with other people that were sent by the insurance company […] got into **approximately [ninety-five] 95 percent of the units.**" (Docket No. 57-7 at 1, 3, 5 and 8). The United States Supreme Court has stated that a court "may conclude that there is simply too great an analytical gap between the data and the opinion proffered." <u>Gen. Elec. Co. v. Joiner</u>, 522 U.S. 136, 146 (1997). But this is not one of those cases. The depositions show that Mr. deCamp and Mr. Parkinson's provided sufficient data to formulate their opinions, thus leaving the *weight* of their testimonies to the trier of facts.

**B. Lack of Experts' Testimony on Pre-Existing and Existing Damages to the Property Does Not Render Report Inadmissible**

TSP also argued in its *Motion in Limine*, that Mr. Parkinson's and Mr. deCamp's testimonies are unreliable because they could not "tell whether the damage [to windows and doors] . . . witnessed was caused by [H]urricane Maria or was pre-existing due to lack of maintenance." (Docket No. 57 at 16-20). In its *Opposition*, Plaintiff argued these determinations "would go to the weight of the testimony rather than to its admissibility and are questions properly reserved for the jury." (Docket No. 75 at 11). The Court agrees with Plaintiff.

Comparable to the case at bar, in a dispute before the Southern District of Florida involving damages sustained during Hurricane Irma, defendants sought to exclude in part expert testimony by arguing that the expert used "unreliable methodology because his conclusions concerning the pre-loss of roof conditions [were] based solely on unverified, unreliable information from Plaintiff's condominium board president." Ctr. Hill Courts Condo. Ass'n, Inc. v. Rockhill Ins. Co.*,* 2020 WL 475633, at *3 (S.D. Fla. 2020). The defendants in that case also sought the exclusion of a certified roof inspector's testimony arguing that "he cannot offer opinions regarding damages of pre-loss conditions because he did not review any historic information on the pre-loss condition of the Property." Id. at 7.

The court in <u>Ctr. Hill Courts Condo. Ass'n</u> allowed the expert's testimony reasoning that "it will assist the trier of fact in understanding the nature of the damage sustained and the cause of such damage." <u>Id.</u> at 4. The court concluded that the expert had not based his opinions solely on the information supplied by the condominium board president as he had also "reviewed photographs of the damage sustained that were taken soon after Hurricane Irma struck, together with weather data generated during the storm, and he conducted a lengthy site inspection of the [p]roperty, all of which were used to verify the historical information supplied and substantiate his ultimate opinions." <u>Id.</u> at 4. The court also rejected the exclusion of the certified roof inspector's testimony, resolving that "arguments regarding the lack of historical information considered in [the expert's] opinion is an argument that goes to the weight of the evidence, rather than the admissibility." <u>Id.</u> at 7. *See also* <u>Dinker v. Nationwide Mut. Ins. Co.</u>, 2013 WL 6813900, at *4 (S.D. Tex. 2013) (denying a motion to exclude expert testimony in an insurance claim involving damages sustained during Hurricane Dolly, where the court reasoned that, "questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration.") (quotation omitted).

The court in Ctr. Hill Courts Condo. Ass'n also explained that "[o]n cross-examination, the opposing counsel is given the opportunity to ferret out the opinion's weaknesses to ensure the jury properly evaluates the testimony's weight and credibility." Id. (quoting Jones v. Otis Elevator Co., 861 F.2d 655, 662 (11th Cir. 1988)) (internal quotations omitted). TSP has not shown, and the Court sees no reason why, that would not be the case here regarding Mr. deCamp and Mr. Parkinson's testimony. The First Circuit has held that so long as an "expert's scientific testimony rests upon good grounds, based on what is known, **it should be tested by the adversary process-competing expert testimony and active cross-examination-rather than excluded from jurors' scrutiny for fear that they will not grasp its complexities or satisfactorily weigh its inadequacies**." Ruiz-Troche, 161 F.3d at 85 (internal quotation marks and citations omitted). The Court sees no reason why the same standard would not apply to an experience-based expert testimony in the case at bar. "**Moreover, if a witness is relying mainly on experience, he must provide more information for the Court to determine the reliability of his testimony**." González Arroyo, 2020 WL 4516012, at *3 (quoting Santa Cruz-Bacardi, 2019 WL 3403367, at *2 (D.P.R. 2019)).

In the case at bar, the Court finds the experts' damages report reliable. From Mr. deCamp's deposition, it is evident that he admitted to using photographs of the damage as well as his own

personal site inspections of the properties to form his opinion.
(Docket No. 75-2 at 36-37 and 53-54). Additionally, when he was
asked about what he used to base his conclusion that the building
was well maintained before the events alleged in the *Complaint*, he
responded "[b]ecause I did not see any indications of a long-term
concrete issue where, when you have roofs that are not maintained,
it causes spalling in the concrete . . . and then you are seeing
long term effects of water filtrations and damage coming through
the roof." Id. at 79. He also testified that he "did not see
[concrete issues] in that project." Id. at 79-80. In the hope that
this testimony will help the trier of facts assign the proper
*weight* to the experts' opinion, the Court **will not** exclude their
testimonies.

### C. Preclusion Is Not a Strict Requirement for Failure to Meet Fed. R. Civ. P. R. 26 Requirements

In its *Motion in Limine*, TSP cites case law from the District
of Puerto Rico to argue that "the law is clear that failure to
supplement an expert's report with the expert's changes in opinion
. . . should be sanctioned with the 'preclusion of expert testimony
or even the dismissal of the action unless the failure was
substantially justified or harmless.'" (Docket No. 57 at 3).
Plaintiff states in its *Opposition* that even if they "failed to
supplement their experts' initial disclosure in violation of Rule
26, the Court retains discretion in determining the appropriate

sanction … [and] it must also make a determination as to whether the violation is justified or harmless." (Docket No. 75 at 22).

The First Circuit has reasoned that pursuant to Fed. R. Civ. P. 37 (c)(1) **"[p]reclusion is not strictly required**." <u>Lawes v. CSA Architects & Engineers LLP</u>, 963 F.3d 72, 91 (1st Cir. 2020) (emphasis added). However, it has also explained that "[w]hen noncompliance occurs, the ordering court should consider the totality of events and then choose from the *broad* universe of available sanctions in an effort to fit the punishment to the severity and circumstances of the violation." <u>Id.</u> (emphasis in original) (citation and quotation omitted). Further, District courts should "'consider *all* the circumstances surrounding [an] alleged [expert disclosure] violation' in considering what sanction (if any) is warranted in a given case." <u>Id.</u> at 94 (quotation omitted) (modifications and emphasis in original)). In <u>Lawes</u>, the First Circuit reversed the District Court's ruling that excluded an expert's testimony, holding that the District Court judge "crossed the boundary between the gatekeeper and the trier of fact in this case." <u>Id.</u> at 109 (quotation omitted).

Lastly, to determine an appropriate sanction, courts should consider the following factors:

> (1) the history of the litigation; (2) the sanctioned party's need for the precluded evidence; (3) the sanctioned party's justification (or lack of one) for its late disclosure; (4) the opponent-party's ability

> to overcome the late disclosure's adverse
> effects [...]; and (5) the late disclosure's
> impact on the district court's docket.

Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72, 78 (1st Cir. 2009) (citation omitted). After considering the aforementioned factors, the Court holds that Plaintiff's purported failure to supplement their experts' report does not justify preclusion of the same.

First, notwithstanding the inconvenience of reviewing the transcripts from the deposition, Plaintiff posits that TSP cannot be surprised if the experts testify about causation during trial as the experts' theories were disclosed and elaborated on during their depositions. (Docket No. 75 at 20 and 23-24). The Court agrees with Plaintiffs.

Further, Mr. deCamp and Mr. Parkinson's depositions took place on June 29, 2020. (Docket Nos. 57-6, 57-7 and 75-2). Trial has been scheduled for **June 7, 2021 to June 11, 2021** since **October 16, 2020**. (Docket No. 96). And the pre-trial conference is scheduled for **April 13, 2021**. (Docket No. 108). This timeframe gave TSP **almost a year** to prepare for the cross examination of the expert witnesses since the date of the expert's depositions. **Therefore, TSP will have the opportunity to overcome any supposed adverse effects of Plaintiff's alleged non-disclosures before trial.** See e.g., Cabassa-Rivera v. Mitsubishi Motors Corp., 2006 WL 6870560, at *12 (D.P.R. 2006) (denying motion in limine to

preclude an expert from testifying about matters referenced in their deposition that were not in the expert's report). In Cabassa, the Court held that given that the depositions in the case occurred almost seven months before trial, the plaintiffs "have had more than ample notice to adjust their trial strategy accordingly." Id. The Court also explained that "[w]hile the introduction of expert testimony 'on the eve of trial' could warrant preclusion, the deposition surprises here were hardly the sort of 'eleventh-hour' changes that could be considered 'harmful.' Id. (quoting Thibeault v. Square D Co., 960 F.2d 239, 246-47 (1st Cir.1992)).

Second, Plaintiff's experts' testimonies are crucial in helping the trier of facts make determinations on the damages allegedly covered by the insurance policy. See Ctr. Hill Courts Condo. Ass'n, Inc., 2020 WL 475633, at *4. Thus, after reviewing the totality of the events, the Court finds that Plaintiff's failure to comply with Fed. R. Civ. P. 26 (a) and (e) should be deemed harmless.

### IV. CONCLUSION

The Plaintiff's experts' statements on the cause of damages affect the weight of their opinion, not their admissibility. Plaintiff's experts' report by Mr. deCamp and Mr. Parkinson will help determine the damages of the property and will help the trier of fact. For the reasons stated, the Court **DENIES** Defendant Triple-

S Propiedad, Inc.'s *Motion in Limine to Preclude Plaintiff's Experts from Testifying at Trial* (Docket No. 57).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of March 2021.

                              S/ RAÚL M. ARIAS-MARXUACH
                              United States District Judge