**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

LOS   FLAMBOYANES   APARTMENTS,
LIMITED DIVIDEND PARTNERSHIP,

    **Plaintiff**

        v.

TRIPLE-S PROPIEDAD, INC. and/or,
TRIPLE-S INSURANCE AGENCY, INC.,   **CIVIL NO.** 18-1997(RAM)
JOHN DOES 1, 2 and 3; A, B and C
CORPORATIONS; UNKNOWN INSURANCE
COMPANIES, A through H,

    **Defendants.**

<u>**OPINION AND ORDER**</u>

RAÚL M. ARIAS-MARXUACH, United States District Judge

    Pending before the Court are defendant Triple-S Propiedad, Inc.'s *Motion for Summary Judgment for Lack of Subject Matter Jurisdiction* ("MSJ") and *Motion to Have Certain Statements Deemed Admitted by Plaintiff* and *Response to Plaintiff's Proposed Statement of Uncontested Facts* ("*Motion to Have Certain Facts Deemed Admitted*"). (Docket Nos. 118 and 135). For reasons set forth below, the Court **GRANTS** the pending motions and dismisses this case **without prejudice** for lack of subject-matter jurisdiction.

### I. FACTUAL AND PROCEDURAL BACKGROUND

    On February 5, 2021, Plaintiff Los Flamboyanes Apartments, Limited Dividend Partnership ("Plaintiff" or "Flamboyanes") filed a *Third Amended Complaint* ("*Complaint*") pursuant to diversity jurisdiction against Defendants Triple-S Propiedad, Inc.

("Defendant" or "TSP") and Triple-S Insurance Agency ("TIA") seeking damages and declaratory relief. (Docket No. 106). Plaintiff alleges TSP and TIA breached their contractual obligations by "failing and refusing to pay Flamboyanes the full amount of losses [it] incurred" with respect to its physical property damage resulting from Hurricane María. Id. ¶¶ 14, 20.[1] Notably, Flamboyanes invokes the Court's diversity of citizenship subject-matter jurisdiction. Id. ¶ 2.

On April 7, TSP, a corporation organized under the laws of the Commonwealth of Puerto Rico, filed an MSJ averring this Court lacks subject matter jurisdiction due to a lack of diversity of citizenship between the parties. (Docket No. 118). It posits Plaintiff failed to include five Puerto Rico-based partners in the Complaint who are listed in its 2017 Puerto Rico Tax Return: Aura Corporation c/o Efraim Kier, Efraim Kier, A & M Holding Corp., Los Flamboyanes LLC and Achikam Yogev. (Docket Nos. 118 at 4-9; 118-5 at 11-12). TSP further maintains Plaintiff failed to show these partners are not Puerto Rico citizens. Id. Thus, Defendant submits that because Flamboyanes has not shown its citizenship differs from TSP's, summary judgment is proper. Id. at 9.

On May 21, Flamboyanes opposed the MSJ ("Opposition"), relying heavily on an affidavit by its partner and resident agent,

---

[1] TIA is no longer a party in this case as the claims against it were dismissed on March 17, 2021. (Docket Nos. 114 and 115).

Mr. Achikam Yogev ("Mr. Yogev"). (Docket Nos. 131 at 14-16; 131-1 at 1-4; 132; 132-1 at 1-4). In the affidavit, Mr. Yogev declares that he is not a Puerto Rico resident, and instead states his homestead has always been the State of Florida. Id. Likewise, Plaintiff argues Mr. Yogev did not include partners Aura Corporation and A&M Holding Corp. in the initial disclosures because they were dissolved prior to the filing of the present case. Id. at 15-16. As to Flamboyanes LLC, Plaintiff states it is a Florida Limited Liability Company created to purchase other limited partners' shares for the benefit of Mr. Yogev's mother, Sara Korman, who is domiciled in the State of New York. Id. at 15. The fifth Puerto Rico partner, Efraim Kier, passed away in February 2021 and he too was purportedly a domiciliary of New York. Id.

On May 26, TSP filed a *Motion to Have Certain Statements Deemed Admitted*, asserting that because Flamboyanes failed to properly refute ten of its statements of facts filed at Docket No. 118-1, they should be deemed unopposed. (Docket No. 135). On May 27, TSP replied to the *Opposition* ("*Reply*") expounding that Mr. Yogev's affidavit should be stricken per the sham affidavit doctrine given it contains information never produced during discovery and is only now being proffered to create an issue of fact. (Docket No. 138 at 3-4). Lastly, TSP alleges the Affidavit should be stricken because it contradicts prior representations made to the Commonwealth of Puerto Rico. Id. at 4-5. Namely, to be

designated Plaintiff's resident agent, Mr. Yogev had declared he was domiciled in Puerto Rico, whereas now he claims to not be. <u>Id.</u>

## II. STANDARD GOVERNING RULE 56 SUMMARY JUDGMENT

Summary judgment is proper under Fed. R. Civ. P. 56(a) "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" <u>White v. Hewlett Packard Enterprise Company</u>, 985 F.3d 61, 68 (1st Cir. 2021) (quoting <u>Celotex Corp. v. Catrett,</u> 477 U.S. 317, 322)). A genuine dispute exists "if the evidence about the fact is such that a reasonable jury could resolve the point in favor of the non-moving party." <u>Alicea v. Wilkie</u>, 2020 WL 1547064, at *2 (D.P.R. 2020) (quotation omitted). A fact is material if "it is relevant to the resolution of a controlling legal issue raised by the motion for summary judgment." <u>Bautista Cayman Asset Co. v. Terra II MC & P, Inc.</u>, 2020 WL 118592, at *6 (D.P.R. 2020) (quotation omitted).

The movant bears the burden of showing that there is no genuine issue of material fact. <u>See</u> <u>Feliciano-Muñoz v. Rebarber-Ocasio</u>, 2020 WL 4592144, at *6 (1st Cir. 2020) (citing <u>Celotex Corp.</u>, 477 U.S. at 323). This burden is met when the movant "demonstrates that the opposing party has failed 'to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of

proof at trial.'" E.E.O.C. v. Kohl's Dept. Stores, Inc., 774 F.3d 127, 131 (1st Cir. 2014) (quoting Celotex Corp., 477 U.S. at 322).

The non-movant may "defeat a summary judgment motion by demonstrating, through submissions of evidentiary quality, that a trialworthy issue persists." Robinson v. Town of Marshfield, 950 F.3d 21, 24 (1st Cir. 2020) (quotation omitted). A non-movant "cannot merely 'rely on an absence of competent evidence but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute.'" Vogel v. Universal Insurance Company, 2021 WL 1125015, at *2 (D.P.R. 2021) (quoting Feliciano-Muñoz, 2020 WL 4592144, at *6). Relying on conclusory allegations and unsupported speculation is insufficient to defeat summary judgment. See River Farm Realty Tr. v. Farm Family Cas. Ins. Co., 943 F.3d 27, 41 (1st Cir. 2019) (quotation omitted).

Local Rule 56 also governs summary judgment. See L. CV. R. 56. Per this Rule, a non-movant must "admit, deny or qualify the facts supporting the motion for summary judgment by reference to each numbered paragraph of the moving party's statement of material facts." L. CV. R. 56(c). Adequately supported facts shall be deemed admitted unless controverted per the manner set forth in the local rule. See Muñiz Negrón v. Worthington Cylinder Corporation, 2021 WL 1199014, at *3 (D.P.R. 2021) (quotation omitted). Litigants ignore this Rule at their peril. Id.

### III. FINDINGS OF FACT[2]

Original Complaint and First and Second Amended Complaints

1.  On December 21, 2018, Los Flamboyanes, Inc., a corporation
    organized under Massachusetts law, filed a Complaint
    invoking this Court's diversity jurisdiction pursuant to
    28 U.S.C. § 1332 and stating the matter in controversy
    exceeded the requisite $75,000.00 and that the action was
    between citizens of different states. (Docket Nos. 1, ¶ 2;
    118-1 ¶ 1).

2.  On March 18, 2019, Plaintiff filed an Amended Complaint,
    altering its name to Los Flamboyanes Apartments Limited
    Dividend Partnership doing business as Flamboyanes
    Apartments LTD ("Flamboyanes"), and stating it was a
    limited dividend partnership organized and existing under
    Massachusetts law. (Docket Nos. 10 ¶¶ 1, 3; 118-1 ¶ 2).

3.  On September 12, 2019, Plaintiff filed a Second Amended
    Complaint alleging its general partner was a Delaware
    Corporation with its principal place of business in the
    State of Florida, a limited partner was also a Florida
    resident, and the rest were Massachusetts residents.
    (Docket Nos. 22 ¶ 5; 118-1 ¶ 3).

---

[2] References to a Finding of Fact shall be cited as follows: (Fact ¶ _).

Discovery issues regarding Plaintiff's citizenship

4.   In the August 2019 Joint Case Management Memorandum, Plaintiff did not identify any document to be used to establish its citizenship. It only identified Edna Carolina Paiz ("Mrs. Paiz") as a factual witness who would testify regarding the claims in the Amended Complaint, Plaintiff's properties, the property damages and the loss in rents and business interruption. (Docket No. 118-1 ¶ 7).

5.   Similarly, in its August 19, 2019 initial disclosures, Plaintiff did not identify any witness or document to be used to establish diversity. It only identified Mrs. Paiz as someone who has knowledge of the complaint's facts and the damages claimed therein. Id. ¶ 6.

6.   On December 3, 2019, during the discovery period, TSP requested evidence as to the identity and citizenship of each of Flamboyanes' partners. Id. ¶ 4.

7.   Plaintiff's response to that request, dated May 12, 2020, included an excel spreadsheet with a list of some of its partners and their addresses and its 2017 Puerto Rico Income Tax Return. Id. ¶ 5.

8.   Per Court order, discovery was to be completed by July 15, 2020. (Docket No. 42).

9.   During her July 15, 2020, deposition, Mrs. Paiz testified that Flamboyanes has several owners, and the general

partner is Mr. Achikam Yogev, but she was unaware of his residential status. Id. ¶ 8.

10.   She also admitted that she did not know Plaintiff's other partners by name. Id. ¶ 9.

11.   On July 15, 2020, TSP notified Flamboyanes that its document production regarding its partners' citizenships failed to comply with the discovery request and asked it to supplement discovery. Id. ¶ 10.

12.   On July 20, 2020, TSP invited Flamboyanes' attorneys to meet and confer regarding the requested discovery. Id. ¶ 11.

13.   On July 21, 2020, Plaintiff responded it had complied and that no other discovery from it was due or remained pending. Id. ¶ 12.

14.   On July 23, 2020, TSP again invited Flamboyanes to meet and confer, but the latter did not respond. Id. ¶ 13.

Court's order for Plaintiff to file a third amended complaint

15.   On January 22, 2021, the Court ordered Plaintiff to amend the complaint to "specifically aver[] the identity and citizenship for jurisdictional purposes of each of the partners of [Flamboyanes] as of the date of commencement of this action." (Docket No. 105 at 1).

16.   On February 5, 2021, Plaintiff filed a *Third Amended Complaint* ("*Complaint*") reiterating its general partner

was a Delaware Corporation with principal place of business
in the State of Florida and its remaining partners were
Florida or Massachusetts residents. (Docket No. 106 ¶ 2).[3]

Plaintiff's 2017 Puerto Rico Tax Return

17.  According to Flamboyanes' 2017 Puerto Rico Tax Return filed
with the Puerto Rico Department of the Treasury on October
12, 2018, *i.e.*, two months before the filing of the
original complaint, Plaintiff identified the following
Puerto Rico partners:

   a. Aura Corporation c/o Efraim Kier, PO Box 9023206,
      San Juan, PR 00902-3206

   b. Efraim Kier, PO Box 9023206, San Juan, PR 00902-
      3206

   c. A&M Holding Corp., PO Box 9023206, San Juan, PR
      00902-3206

   d. Los Flamboyanes LLC, PO Box 9023206, San Juan, PR
      00902-3206

   e. Achikam Yogev, PO Box 9023206, San Juan, PR
      00902-3206

(Docket Nos. 118-1 ¶ 17; 118-5 at 11-12).

18.  Plaintiff has not proffered a more recent tax return or
document showing a different partner composition.

19.  These five partners do not appear in the *Complaint*'s
jurisdictional averments. (Docket No. 106 ¶ 5).

---

[3] The only amendment in the *Third Amended Complaint* is that Flamboyanes included
the town where the partners identified in the *Second Amended Complaint*
purportedly are "a citizen and resident of." (Docket Nos. 22 ¶ 5; 106 ¶ 5).

Mr. Achikam Yogev's participation in Flamboyanes

20.  On April 16, 2018, before the initial complaint was filed,
     Mr. Yogev was designated Plaintiff's resident agent in
     Puerto Rico. (Docket No. 118 ¶ 20).

21.  When the *Complaint* was filed, and according to Plaintiff's
     2017 Puerto Rico Tax Return, Mr. Yogev was owner of
     12.9330% of Flamboyanes. (Docket Nos. 118-1 ¶ 18; 118-5 at
     12).

22.  As per Mrs. Paiz's deposition in July 2020, Mr. Yogev was
     still one of Plaintiff's partners on that date:

          Q You said Achikam Yogev is the owner of Los
            Flamboyanes Limited Dividend Partnership?

          A There are several shareholders, but he
            represents them as the general partner.

          Q **Is it correct to say, then, that Achikam
            Yogev is one of the several owners, or one
            of the several partners, of Los Flamboyanes
            Limited Dividend Partnership?**

          A **Yes.**

          (Docket No. 118-1 ¶ 19; 118-14) (emphasis added).

Aura Corporation's Puerto Rico citizenship

23.  According to Puerto Rico Department of State records,
     Plaintiff's partner Aura Corporation was organized on March
     9, 1971, under the laws of the Commonwealth of Puerto Rico.[4]

---

[4] Aura Corporation's corporate information is available at *Aura Corporation*,
Registry of Corporations and Entities, Puerto Rico Department of State,
https://prcorpfiling.f1hst.com/CorpInfo/CorporationInfo.aspx (last visited
January 25, 2022).

24.  Per the same records, it does not have an expiration date.[5]

25.  Aura Corporation's certificate of incorporation was revoked on October 28, 2016, for failing to file annual reports or pay annual dues for the years 2014 and 2015.[6]

### IV. ANALYSIS

Federal courts, as courts of limited jurisdiction, "may not presume the existence of subject matter jurisdiction, but, rather, must appraise their own authority to hear and determine particular cases." Watchtower Bible & Tract Soc. of New York, Inc. v. Colombani, 712 F.3d 6, 10 (1st Cir. 2013) (quotation omitted). The Court's jurisdiction "depends upon the state of things **at the time of the action brought.**" Roosevelt REO PR, Corp. v. Silva-Navarro, 2020 WL 1493904, at *4 (D.P.R. 2020) (quoting Mollan v. Torrance, 9 Wheat. 537, 539, 6 L.Ed. 154 (1824)) (emphasis added). In diversity jurisdiction cases such as this, jurisdiction requires complete diversity of citizenship between all plaintiffs and all defendants. See Hope Tucker v. AD Pracs., LLC, 2021 WL 3276087, at *1 (D.P.R. 2021) (quotation omitted). Plaintiffs bear the burden of showing complete diversity. Id.

---

[5] Id.

[6] The Cancellation Notification Letter dated August 22, 2016, and the Certification of Revocation of the Certificate of Incorporation dated October 28, 2016, are available at Aura Corporation, Registry of Corporations and Entities, Puerto Rico Department of State, https://prcorpfiling.f1hst.com/CorpInfo/CorporationFilings.aspx (last visited January 25, 2022).

To determine a corporation's citizenship, the Court looks to its state of incorporation and where it has its principal place of business. *See* Vitalife Inc. v. Keller Med., Inc., 2021 WL 424222, at *2 (D.P.R. 2021). But, for non-incorporated entities, citizenship "depends on the citizenship of 'all the members, the several persons composing such association, each of its members.'" Flores v. Wyndham Grand Resort, 873 F. Supp. 2d 444, 448 (D.P.R. 2012) (Carden v. Arkoma Associates*,* 494 U.S. 185, 195-196 (1990)). The citizenship of limited partnerships thus "rests on the home state of the partnership's partners, including both the general and limited partners." Id. Having reviewed the *Complaint*'s jurisdictional averments and Plaintiff's allegations as to its partners' citizenship in its *Response*, the Court finds them to be insufficient to establish diversity jurisdiction. (Docket Nos. 106; 131).

**A. Mr. Yogev's affidavit is a sham affidavit which should be stricken from the record**

As stated above, Plaintiff's *Response* and its accompanying additional statement of facts rests upon Mr. Yogev's unsworn affidavit (hereinafter, "the Affidavit"). (Docket Nos. 132 at 1-4). TSP's *Reply* avers this statement is a sham affidavit "made to order and self-serving, with the only purpose of controverting fact and arguments" set forth in TSP's MSJ. (Docket No. 138 at 4). TSP also posits the Affidavit provides information never produced

during discovery, that Plaintiff did not explain why this information and its supporting documents were not provided before discovery ended and that the Affidavit's timing is suspect. <u>Id.</u> The Court agrees.

To determine whether an affidavit is being used to create a material issue of fact, "the court may consider the timing of the affidavit." <u>Rodriguez-Soto v. Presbyterian Med. Anesthesia Grp.</u>, 2019 WL 1349991, at *4 (D.P.R. 2019). The First Circuit has frequently found that chronology issues, such as filing an affidavit only *after* a summary judgment motion has been filed, are "probative of the fact that the non-movant was merely attempting to create an issue of fact." <u>Orta-Castro v. Merck, Sharp & Dohme Quimica P.R., Inc.</u>, 447 F.3d 105, 110 (1st Cir. 2006) (citations omitted). Further, this Court has found that a lack of explanation as to a delay in filing an affidavit "pushes [a] sworn statement off the table." <u>Rodriguez-Soto</u>, 2019 WL 1349991, at *4.

First, there can be no doubt that the timing of the Affidavit is suspicious. The discovery deadline was **July 15, 2020**. (Fact ¶ 8). However, the statement was executed on **May 19, 2021**, or **three days** prior to the filing of the Plaintiff's *Response* to the MSJ, which had been filed over a month before on **April 7, 2021**. (Docket Nos. 118; 132-1 at 1-4).

Second, Flamboyanes failed to explain why it waited to file the Affidavit and the documents accompanying it until *after* TSP's

MSJ and **ten** months after the close of discovery. It also offers no
reasons as to why it did not proffer the supposed clarifications
included therein about Plaintiff's Puerto Rico partners until now.
Before the filing of the MSJ, the only evidence on record of
Plaintiff's citizenship was an excel spreadsheet showing the names
and addresses of Plaintiff's partners already in the *Complaint*,
and its 2017 Puerto Rico Tax Return, which includes the Puerto
Rico partners. (Fact ¶ 7). **Plaintiff has not proffered any other
tax return or document showing an updated partner list without the
Puerto Rico partners**. (Fact ¶ 18). In fact, the Affidavit was the
first time that Plaintiff brought to the Court's attention that
some of Plaintiff partners, namely Aura Corporation and A&M Holding
Corp., had been purportedly dissolved before the filing of the
original suit. Nevertheless, the Court finds that Plaintiff cannot
now attempt to use the Affidavit to indirectly amend its partner
list to create a material issue of fact. More so considering that
Defendant evinced it repeatedly asked to meet and confer with
Plaintiff even after discovery ended to discuss issues related to
Plaintiff's citizenship. (Facts ¶¶ 11-14).

The Court is also not convinced by Plaintiff's assertion that
"[b]y inadvertent error, Mr. Yogev did not list his stepfather,
his mother's Limited Liability Company [*i.e.*, Flamboyanes LLC], or
himself, as Limited Partners because the intention was, and still
is, to consolidate all of their interests in various entities into

the General Partners, Los Flamboyanes, Inc." (Docket No. 131 at 16). This clarification is too little, too late. And Mr. Yogev's intention has no bearing on Plaintiff's jurisdiction.

Due to a lack of evidence to the contrary, the Court finds that Plaintiff could have proffered the assertions in the Affidavit during the discovery period or shortly thereafter. (Fact ¶ 14). "[P]ursuant to the sham affidavit doctrine, the court strikes plaintiff's declaration" and finds that Plaintiff's pleading based on the stricken evidence "will be deemed unsupported." Rodriguez-Soto, 2019 WL 1349991, at *5; see also Pagan-Porratta v. Municipality of Guaynabo, 2019 WL 4055133, at *12 (D.P.R. 2019) (striking an affidavit executed four days before plaintiff's response and with no explanation as to the late filing).

### *B.* Plaintiff failed to proffer sufficient evidence showing that Flamboyanes' partners--Mr. Yogev, Mr. Kier, and Flamboyanes LLC--were not citizens of Puerto Rico at the time of the filing of the original complaint

The record reflects that, prior to the filing of the Affidavit, neither Plaintiff nor Mr. Yogev, Flamboyanes' resident agent and supposed general partner, had ever alleged that: (1) Mr. Yogev was domiciled in the State of Florida; or (2) Mr. Efraim Kier and Mr. Yogev's mother, the alleged owner of Los Flamboyanes LLC, were domiciled in the State of New York. (Docket No. 131 at 15-16). Hence, this is a new "fact" for purposes of the record. Even more worrisome, Plaintiff failed to provide evidence

attesting to Mr. Kier and Mrs. Korman's citizenship at the time of
the filing of the original complaint. Further, as to its partner
Los Flamboyanes LLC in particular, Plaintiff failed to proffer
evidence of its the citizenship or, more critically, that of its
members. Thus, the Court cannot determine whether Mr. Kier or Los
Flamboyanes LLC were Puerto Rico citizens for diversity
jurisdiction purposes.

Even if the Court were to consider the documents attached to
Plaintiff's *Response*, Plaintiff failed to proffer sufficient
evidence indicating Mr. Yogev's alleged residence and domicile in
Florida. Instead, it only proffered Mr. Yogev's Florida driver's
license and a "Notice Of Proposed Property Taxes And Proposed Or
Adopted Non-Ad Valorem Assessments Miami-Dade County Taxing
Authority." (Docket No. 132-1 at 8-9). **These documents, standing
alone, are insufficient to show that Mr. Yogev is a citizen of
Florida and not a Puerto Rico citizen.** *Cf.* Roca Buigas v. LM Waste
Servs. Corp., 2021 WL 329373, at *4-5 (D.P.R. 2021) (finding
diversity jurisdiction although a plaintiff still appeared as
resident agent of some Puerto Rico corporations, given that he
showed he was domiciled in Florida prior to filing his lawsuit by
proffering, among others, a voter information and driver's license
from that state; handyman and plumbing receipts dated before the
complaint related to home improvement services in his Florida
property; receipts of his kids enrollment in a Florida private

school two years before the complaint's filing; Florida registration renewal documents for two vehicles owned by the plaintiffs and a property tax invoice from before the complaint).

Lastly, as of April 2018, Mr. Yogev appears as Plaintiff's resident agent in its records in the Corporations Registry of Puerto Rico. (Fact ¶ 20). However, the Puerto Rico General Corporations Act requires that a resident agent be domiciled in Puerto Rico. *See* P.R. Laws. Ann. tit. 14, § 3542; *see e.g.,* Roca Buigas, 2021 WL 329373, at *7 (noting that "corporations have a fiduciary duty to promptly update the information in the Corporations Registry and holding that a plaintiff domiciled in Florida "can no longer serve as Resident Agent of his Puerto Rico Corporations as he is no longer a Puerto Rico resident.").

## C. Plaintiff's partner, Aura Corporation, is a Puerto Rico citizen which destroys diversity jurisdiction in this case

Plaintiff's *Response* claims Mr. Yogev did not list Plaintiff's partner, Aura Corporation, in the discovery provided to Defendant because it was dissolved prior to the filing of the case at bar. (Docket No. 131 at 15-16).[7] While its *Response* did not explicitly say so, the Court assumes Plaintiff would argue it did not include Aura Corporation in the *Complaint* for this same

---

[7] The Puerto Rico Department of State record referenced in Mr. Yogev' s Affidavit does not pertain to the dissolution by Aura Corporation's stockholders. (Docket No. 132-1 at 10). instead, it evinces a cancellation of the certificate of incorporation for failure to file annual reports, a state of affairs that can easily be fixed as explained further in this section.

reason. In doing so, Plaintiff ignores long-standing Puerto Rico law.

According to Fed. R. Civ. P. 17(b)(2), a corporation's capacity "to sue or be sued is determined" by "the law under which it was organized." Here, there is no doubt, nor has Plaintiff averred to the contrary, that Aura Corporation was organized under the laws of Puerto Rico, maintains its place of business there, and that Puerto Rico law governs its capacity to sue or be sued. (Fact ¶ 23). Likewise, under the Puerto Rico General Corporation's Act, "[a]ll corporations, whether they expire by their own limitation **or are otherwise dissolved, shall continue for a three (3)-year term from such expiration or dissolution** … **for the purpose of prosecuting and defending suits[.]"** P.R. Law. Ann. tit 14, § 3708. In the present case, Aura Corporation was cancelled in October 2016 and thus retained its capacity to sue until October 2019. (Fact ¶ 25).[8] Since the original Complaint was filed on December 2018, **within the three years that Aura Corporation continued its corporate existence and retained its Puerto Rico citizenship after it was cancelled, it should be considered for diversity purposes**. (Facts ¶¶ 1, 25). *See also*

---

[8] The Court will not address whether A&M Holding Corp., another of Plaintiff's partners, retained its capacity to sue given it was cancelled on April 16, 2014. *See A&M Holding Corp.*, Registry of Corporations and Entities, Puerto Rico Department of State, https://prcorpfiling.flhst.com/CorpInfo/CorporationInfo. aspx?c=112389-111 (last visited January 25, 2022). Thus, its three-year window to sue provided by the Act had already elapsed when the original complaint was filed. *See* P.R. Law. Ann. tit 14, § 3708.

<u>Inter-Island Ferry Sys. Corp. v. Puerto Rico Ports Auth.</u>, 2017 WL 4990556, at *3 (D.P.R. 2017) (denying summary judgment based on allegations that a Puerto Rico company had no standing to sue given that its certificate of incorporation had been revoked in October 2014. The Court found that it could sue or be sued until October 2017 and since the suit was filed in December 2015, it had standing to sue) (citing <u>Bacardi Int'l Ltd. v. V. Suarez & Co.</u>, 719 F.3d 1, 7 n.9 (1st Cir. 2013)).

At least one Court of Appeals has stated that **to hold that a dissolved corporation should not be considered when determining diversity jurisdiction would serve no federal interest**. In <u>Ripalda v. Am. Operations Corp.</u>, the United States Court of Appeals for the District of Columbia noted that Delaware law provides that a corporation retains its body corporate for defending suits three years after its dissolution. *See* <u>Ripalda v. Am. Operations Corp.</u>, 977 F.2d 1464, 1468 (D.C. Cir. 1992) (citing 8. Del. Code Ann. § 278). Thus, the defendant, a corporation dissolved a year prior to filing suit, must be considered for purposes of diversity jurisdiction. The Court held that "[t]o hold that [defendant's] Delaware citizenship did not likewise persist through that time for the purpose of establishing diversity jurisdiction would frustrate that State's purpose of facilitating the resolution of claims by and against the corporation and would serve no federal interest." <u>Id.</u>; *see also* <u>Wild v. Subscription Plus, Inc.</u>, 292 F.3d

526, 528 (7th Cir. 2002) ("[m]ost states sensibly permit a corporation whose charter has been revoked to continue nevertheless to operate as a corporation, specifically for purposes of suing and being sued, until it is actually dissolved.").

Moreover, there is no evidence on the record that Aura Corporation disposed of its partnership interest in Flamboyanes prior to the filing of the original complaint. *See e.g.*, Lund v. Albrecht, 936 F.2d 459, 463 (9th Cir. 1991) (noting that in California, the selling partner's interest and participation in the partnership is terminated "upon consummation of the sale of a partnership interest" in the form of a signed contract to purchase the partnership interest). Here, Plaintiff has not evinced that a similar transfer of Aura Corporation's partnership interest in Flamboyanes has occurred. *See e.g.*, In re Lauer, 371 F.3d 406, 410-11 (8th Cir. 2004) (finding under Missouri law that even after a sales agreement between a limited partner and a corporation had taken place, the corporation did not have standing to bring a derivative claim on the partnership's behalf, due to a lack of evidence that the corporation was substituted as a limited partner, that the other partners approved the substitution or that an amended partnership agreement reflected the substitution).

**According to the Puerto Rico Rules of Evidence and given the representations in Flamboyanes' 2017 Puerto Rico Tax Return that**

**Aura Corporation was a partner, Plaintiff had to show that the transfer of Aura's interest occurred.** To wit, Rule 302 of the Puerto Rico Rules of Evidence states:

> In a civil action, a presumption imposes on the party against whom it is directed the burden of proving the nonexistence of the presumed fact. If the party against whom the presumption is established fails to offer evidence showing the nonexistence of the presumed fact, the trier shall accept the existence of said fact. If evidence is introduced in support of a determination as to the nonexistence of said fact, the party wishing to rebut the presumption shall persuade the trier that nonexistence of the presumed fact is more likely than its existence.

Morales v. Nationwide Ins. Co., 237 F. Supp. 2d 147, 152 (D.P.R. 2002) (quoting then Rule 14 of the Puerto Rico Rules of Evidence, now codified as Rule 302, P.R. Laws. Ann. tit 32 App. VI, § 302). Further, Rule 304 of the Puerto Rico Rules of Evidence addressing specific presumptions states "[t]hat a thing once proved to exist continues as long as is usual with things of that nature." P.R. Laws. Ann. tit 32 App. VI, § 304(30). Hence, due to a lack of evidence that a transfer of partnership interest took place, the Court presumes: (1) that it has not taken place; and (2) that Aura Corporation continues to be a partner of Flamboyanes.

Considering the foregoing, the Court must consider Aura Corporation's citizenship to determine if diversity jurisdiction exists. Aura Corporation, a Puerto Rico corporation, retained its

corporate existence when the original suit was filed. As a result, **diversity jurisdiction is not present in the instant case since at least one of Plaintiff's partners was a Puerto Rico citizen at the time of the filing of the original suit**. *See* Flores, 873 F.Supp.2d at 449-450; *see also* Tri-Cty. Metro. Transp. Dist. of Oregon v. Butler Block, LLC, 2008 WL 2037306, at *3 (D. Or. 2008), aff'd sub nom. Tri-Cty. Metro. Transp. v. Butler Block, LLC, 337 F. App'x 708 (9th Cir. 2009) (dismissing case for lack of complete diversity because plaintiff was citizen of same state as an administratively dissolved member of an LLC that was a member of the defendant LLC).

Finally, it is worth noting that courts disagree as to whether a corporation whose charter has been forfeited or declared void for failure to pay its franchise taxes or file an annual report under Delaware law and other similar state laws, sometimes called administrative dissolution, is dissolved within meaning of Delaware's § 278. *See* V.E.C. Corp. of Del. v. Hilliard, 2011 WL 7101236, at *6 (S.D.N.Y. 2011) (collecting cases). Some courts have held that the loss of a certificate of incorporation is not "dissolution," and the corporation is not "dead" following its forfeiture of a charter. *See* United States v. Northeastern Pharm. & Chem. Co., 810 F.2d 726, 747 (8th Cir. 1986) (citation omitted). This is in part because a corporation may be revived through other sections of the Delaware Code or when it files the pending franchise taxes or annual reports. *See e.g.*, Go Fast Sports &

Beverage Co. v. Buckner, 2008 WL 2852626, at *2 (D. Colo. 2008) (finding that "[a]dministrative dissolution of a perpetual LLC does not destroy its citizenship for diversity purposes if the LLC continues to exist under state law after administrative dissolution" and dismissing for lack of diversity). Even so, some courts, including Delaware courts, give the benefit of § 278's three-year window to corporations whose charters have been forfeited. *See* *e.g.*, Sensoria, LLC v. Kaweske, 2021 WL 103020, at *10 (D. Colo. 2021).

Similarly, under Puerto Rico law, a corporation that has lost its certificate of incorporation may procure an extension, restoration, renewal, or revival of the same, before its existence expires. *See* P.R. Law. Ann. tit 14, § 3762. Hence, the fact that Aura Corporation's certificate of incorporation was revoked does not necessarily mean it is a "dead" or "dissolved" corporation. *See* P.R. Law. Ann. tit 14, § 3852. While there is no evidence on the record that Aura Corporation sought to renew its certificate, the corporation itself has not expired. (Fact ¶ 24). If it complies with its duties under the General Corporations Act, it can still renew its certificate. *See* P.R. Law. Ann. tit 14, § 3762; *See also* Mercado Berrios v. Junta de Residentes de la Urb. Rincon Español, 2012 WL 3553633, at *5 (P.R. Cir. 2012) (applying Puerto Rico law and noting that cancellation or revocation of a Certificate of Incorporation suspends the powers, rights, and privileges granted

by its incorporation until the corporation complies with the obligations established by law, whereas dissolution ends a corporation's legal existence).[9] Therefore, the Court should still consider Aura Corporation for diversity purposes. Since, Aura Corporation is a Puerto Rico citizen, and given that a limited partnership adopts the citizenship of its general **and** limited partners, Flamboyanes is a Puerto Rico citizen and diversity of citizenship does not exist between the parties. Dismissal of the case at bar for lack of subject-matter jurisdiction is proper.

## V. CONCLUSION

Given that the parties in this case are not citizens of different states, the Court **GRANTS** Defendant Triple-S Propiedad, Inc.'s *Motion for Summary Judgment for Lack of Subject Matter Jurisdiction* (Docket No. 118) and *Motion to Have Certain Statements Deemed Admitted by Plaintiff* and *Response to Plaintiff's Proposed Statement of Uncontested Fact* (Docket No. 135). Plaintiff Los Flamboyanes Apartments, Limited Dividend Partnership's claims against Defendant Triple-S Propiedad, Inc. are hereby **DISMISSED WITHOUT PREJUDICE.** Judgment shall be entered accordingly.

---

[9] The Court notes that Puerto Rico Court of Appeals decisions "are non-binding, but do provide instructive guidance." Teamcare Infusion Orlando, Inc. v. Humana Health Plans of Puerto Rico, Inc., 2018 WL 9412924, at *5 (D.P.R. 24, 2018) (citing West v. Am. Tel. & Tel. Co., 311 U.S. 223, 237, 61 S. Ct. 179, 183, 85 L. Ed. 139 (1940) and CPC Int'l, Inc. v. Northbrook Excess & Surplus Ins. Co., 962 F.2d 77, 91 (1st Cir. 1992)).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 28th day of January 2022.

                              S/ RAÚL M. ARIAS-MARXUACH
                              United States District Judge